UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIAN PAXSON, a natural person, and EMERALD REALTY INVESTMENTS, LLC, a Utah Limited Liability Company,<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT YANCEY, a natural person; BUYPD, LLC, a Utah Limited Liability Company; FE EVTECH MEDIA, LLC d/b/a Abundance EDU, a Utah Limited Liability Company, RESPONSE NORTH, LLC d/b/a Real Estate Education Group; INCOME PROPERTY USA, LLC., a Utah Business Entity; GUARDIAN LAW, LLC, a Nevada Limited Liability Company; VEIL LEGAL, PLLC, a Utah Professional Limited Liability Company; VEIL CORPORATE, LLC, a Utah Limited Liability Company; INSIDER'S CASH, LLC, a Utah Limited Liability Company; INTERACTIVE HOMES, LLC, a Utah Limited Liability Company; ROBINSON REALTY, LLC, an Illinois Limited Liability Company; and RASHAAD J. ROBINSON, a natural person,<br><br>*Defendants*. | Case No. 16-cv-05787<br><br>JURY TRIAL DEMANDED<br><br>Hon. John J. Tharp, Jr.<br>Assigned District Judge<br><br>Hon. Susan E. Cox<br>Assigned Magistrate Judge |

**JOINT INITIAL STATUS REPORT**

NOW COME the Parties, by and through their attorneys of record, and for their Joint Initial Status Report, state as follows:

    1.    The Nature of the Case

        A. Attorneys of Record

    i. For Plaintiffs Lillian Paxson and Emerald Realty Investments, LLC:

        Roger Zamparo, Jr.
        ZAMPARO LAW GROUP, P.C.
        2300 Barrington Road, Suite 140
        Hoffman Estates, IL 60169
        (224) 875-3202 (t)
        (312) 276-4950 (f)
        roger@zamparolaw.com

    ii. For Defendants BuyPD, LLC, Response North, LLC, Income Property USA, LLC, Guardian Law, LLC, Veil Legal, PLLC, Veil Corporate, LLC, Insider's Cash, LLC, Interactive Homes, LLC ("the Property Defendants"):

        Philip L. Martin
        Invictus Law, PLLC
        360 S. Technology Court, Suite 300
        Lindon, UT 84042
        (801) 854-9212
        philip@invictuspc.com
        Mr. Martin is the lead trial attorney.

        Adam Waskowski
        Waskowski Johnson Yohalem LLP
        954 West Washington Blvd., Suite 720
        Chicago, IL 60607
        (312) 278-3153
        awaskowski@wjylegal.com
        Mr. Waskowski is local counsel.

    iii. For Defendants Scott Yancey and FE EvTech Media, LLC ("the EyTech Defendants"):

        Josh M. Kantrow
        Lewis Brisbois Bisgaard & Smith LLP
        550 W. Adams Street, Suite 300
        Chicago, IL 60661
        (312) 345-1718
        Josh.Kantrow@lewisbrisbois.com

    iv. For Defendants Robinson Realty, LLC and Rashaad J. Robinson ("the

Robinson Defendants"):

>Kyle C. Barry
>Jenna M. Stupar
>Jennifer L. Dlugosz
>HUSCH BLACKWELL LLP
>120 South Riverside Plaza - Suite 2200
>Chicago, IL 60606
>Telephone: (312) 655-1500
>Kyle.barry@huschblackwell.com
>Jen.Dlugosz@huschblackwell.com
>Mr. Barry is the trial attorney.

B. Nature of the Claims

Plaintiffs have alleged claims for relief pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 5/505(a).

C. Major Legal and Factual Issues

*RICO Claim*

<u>Legal</u>

Whether Defendants' collaboration is an "enterprise" as defined by 18 U.S.C. § 1961(4). If so, whether that enterprise engaged in racketeering activity by committing mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1961(1). If so, whether that conduct constituted a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

<u>Factual</u>

The nature and extent of Defendants' cooperation; and

The extent of Plaintiffs' damages.

*ICFA Claim*

<u>Legal</u>

Whether Defendants' conduct was deceptive and/or unfair.

Factual

The disparities between Defendants' representations and the condition of the Madison Property purchased by Plaintiffs;

The full extent of Plaintiffs' damages.

*Miscellaneous*

- Whether Plaintiffs' claims against at least some Defendants are subject to arbitration;
- Whether certain attorneys who filed their appearance in this cause should be disqualified.

Property Defendants' position as to legal and factual issues in this case:

Plaintiffs and many of the Property Defendants entered into signed agreements designating either Utah (via form selection clauses in valid, written contracts), or the American Arbitration Association (via multiple binding arbitration clauses in signed, written agreements), as being the appropriate venue to govern all disputes. This Court should dismiss Plaintiffs' claims against the Property Defendants for improper venue under Fed. R. Civ. P. 12(b)(3). This Court should dismiss Plaintiffs' claims for failing to satisfy Rule 9(b) and 12(b)(6). Plaintiffs fail to allege any specific facts showing that the Property Defendants are an enterprise, declined to allege the necessary elements of conduct required for a RICO claim, failed to designate how each defendant played a part in directing the enterprise's affairs, and failed to identify the required racketeering pattern. Even though Plaintiffs appear to be dissatisfied with the transaction, a RICO cause of action targets long term criminal activities, and is not a means to resolve regular commercial disputes, which is what this dispute is. Further, Property Defendants assert that Plaintiffs were not misled and that they purchased property on an "as is, where is, and with all faults" basis, and wrongly lumped all defendants into one category. Property Defendants further assert that Plaintiffs cannot establish the damages alleged in the Complaint. With respect to the consumer fraud claims, part or all of Plaintiffs' claims fail because this is simply a business transaction and Plaintiffs do not qualify as consumers under the statute, including because Plaintiffs purchased the property at issue for resale. Property Defendants also assert the claims fail because simply performing services is not enough to subject them to liability. It is for these reasons that the Court must dismiss Plaintiffs' Complaint.

Scott Yancey and FE EvTech Media, LLC position as to legal and factual issues in this case: The EvTech Defendants Plaintiffs' claims against them have no place in federal court because the parties' contracts contain a binding mandatory arbitration clause that requires arbitration of "any and all disputes between them," which includes the present dispute, with the American Arbitration Association in the State of Utah. They assert the arbitration clause

4

is valid and enforceable under the principles of improper venue of Fed. R. Civ. P. 12(b)(3). Further, the EvTech Defendants allege that Plaintiffs have failed to properly plead their RICO claims for alleged violations of mail and wire fraud. Plaintiffs have not made proper allegations under the elements of an enterprise, activity, or pattern. The mere association of the EvTech Defendants with other entities/individuals does not justify RICO claims. As such, the EvTech Defendants assert that Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

Robinson Defendants' position: The Robinson Defendants assert that Plaintiffs have failed to state a claim for relief in their complaint as to the RICO and IFCA counts. Plaintiffs' RICO claim is based upon allegations of fraud, but Plaintiffs have failed to plead with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Additionally, because Plaintiffs' IFCA claim also includes allegations of fraud, and Plaintiff used the same pleadings/facts as for the RICO claim, Plaintiffs have failed to state plead with sufficient particularity as to the IFCA claim. As such, Plaintiffs have failed to state a claim for relief.

    D. Relief Sought by Plaintiff

Plaintiffs seek money damages, and attorneys' fees and costs.

Property Defendants' and EvTech Defendants' position: The Property Defendants and EvTech Defendants seek for this Court to dismiss Plaintiffs' complaint for improper venue or, alternatively, to dismiss Plaintiffs' complaint for failure to state a claim.

The Robinson Defendants' position: The Robinson Defendants seek for this Court to dismiss Plaintiffs' complaint with prejudice.

2. Jurisdiction

Federal question jurisdiction is based upon Plaintiff's RICO claims. Plaintiff asserts that supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over her state law ICFA claim is warranted.

3. Status of Service

All Defendants have been served and have appeared by counsel.

4. Consent to Proceed before a Magistrate Judge

The Parties do not consent to proceed before a Magistrate Judge.

5. Motions

A. Briefly describe any pending motions: As of September 20, 2016, all Defendants had

5

responded to the Complaint with Motions to Dismiss based upon various purported venue provisions, arbitration clauses, or for failure to state a claim. Presentment as to those motions is set for October 4, 2016. Plaintiff will be requesting a briefing schedule from the Court at that time.

B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion: Defendants reserve their response to this section as the Motions to Dismiss (referenced above) are still pending before this Court.

6. Status of Settlement Discussions

The Parties have engaged in settlement discussions. As of the date of this filing, the Parties have been unable to reach an accord, but request a settlement conference in hopes that one may be reached before the incurrence of substantial attorneys' fees and costs.

DATED: September 27, 2016

For Plaintiffs Lillian Paxson and Emerald Realty Investments, LLC:

*/s/Roger Zamparo, Jr.*
Roger Zamparo, Jr.
ZAMPARO LAW GROUP, P.C.
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
(224) 875-3202 (t)
(312) 276-4950 (f)
roger@zamparolaw.com

Respectfully submitted,

For Defendants BuyPD, LLC, Response North, LLC, Income Property USA, LLC, Guardian Law, LLC, Veil Legal, PLLC, Veil Corporate, LLC, Insider's Cash, LLC, Interactive Homes, LLC:

*/s/Philip L. Martin (pro hac vice)*
Philip L. Martin
Invictus Law, PLLC
360 S. Technology Court, Suite 300
Lindon, UT 84042
(801) 854-9212
philip@invictuspc.com

Adam Waskowski, Esq. (Bar No. 6284221)
Waskowski Johnson Yohalem LLP
954 West Washington Blvd., Suite 720
Chicago, IL 60607
(312) 278-3153
Awaskowski@wjylegal.com

| | |
|---|---|
| For Defendants Scott Yancey and FE EvTech Media, LLC: | For Defendants Robinson Realty, LLC and Rashaad J. Robinson: |
| */s/Josh M. Kantrow*<br>Josh M. Kantrow<br>Lewis Brisbois Bisgaard & Smith LLP<br>550 W. Adams Street, Suite 300<br>Chicago, IL 60661<br>(312) 345-1718<br>Josh.Kantrow@lewisbrisbois.com | */s/Jennifer L. Dlugosz*<br>Jennifer L. Dlugosz<br>Kyle C. Barry<br>Jenna M. Stupar<br>HUSCH BLACKWELL LLP<br>120 South Riverside Plaza - Suite 2200<br>Chicago, IL 60606<br>Telephone: (312) 655-1500<br>Jen.Dlugosz@huschblackwell.com |